IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CORY NIXON, JOHN KIRBY,
LANE CHAPMAN, each individually and
on behalf of others similarly situated                                    PLAINTIFFS

V.                                    4:13CV00726 JMM

ETS OILFIELD SERVICES L.P.,
DEVIN NEVILLES, and JOE COX,
individually and as Owners/Manages
of ETS Oilfield Services L.P.                                              DEFENDANTS

## ORDER

Pending is the Plaintiffs' Motion for Conditional Class Certification and Court-Authorized Notice. The Defendants have responded and the Plaintiffs have replied. For the reasons set forth below, the Motion is granted in part and denied in part.

Defendant ETS Oilfield Services L.P. ("ETS") is engaged in the oil field services industry in Arkansas, Texas, and several other states. According to the First Amended and Substituted Collective-Action Complaint, Defendant Devin Nevilles and Joe Cox are owners and/or managers of ETS. Plaintiffs Michael Barnett, Chris Dismuke, Cody Glaze, John Kirby, Josh McSpadden, Phillip Nelson, Cory Nixon, Glynn Taylor, James Walker, Louis Johnson, Arthur Wheeler and Shane Williams (the "Equipment Operator Plaintiffs") all purport to be, or have been, equipment operators in the now defunct mulching division of ETS. Plaintiff Lane Chapman alleges that he was employed by Defendants as a foreman/equipment operator and Plaintiff Steven White was employed as a fluid engineer/mixing plant operator. All of the Plaintiffs allege that they were misclassified as exempt salaried employees by the Defendants and, therefore, did not receive compensation from the Defendants for overtime hours worked, in violation of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act

("AMWA"). Plaintiffs allege that the Defendants have been notified on previous occasions, or should have known, that they were violating the FLSA and AMWA by misclassifying Plaintiffs. Thus, Defendants' actions are willful and in violation of the wage and hour provision of the FLSA and the AMWA[1].

Plaintiffs seek conditional certification of the collective action, disclosure of contact information for putative class members, and leave to send a notice to all others similarly situated giving them the option to opt in to the case.

**I.	Certification**

In determining whether this case is appropriate for a court-authorized opt-in notice, the Plaintiffs must establish that they are "similarly situated" to putative class members for purposes of § 216(b). This Court has adopted a two-step approach to determine whether plaintiffs are "similarly situated."

> The first determination is made at the so-called "notice stage." At the notice stage, the district court make a decision,- usually based only on the pleadings and any affidavits which have been submitted– whether notice of the action should be given to potential class members.
>
> Because the Court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The actions proceed as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to

---

[1] Plaintiff Cory Nixon, individually, also makes a claim pursuant to the FLSA's antiretaliation provision. However, this claim is not relevant to the instant motion.

proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives–i.e., the original plaintiffs– proceed to trial on their individual claims.

*Collins v. Barney's Barn, Inc.,* No. 4:12CV00685 SWW, 2013 WL 1668984, *2 (E.D. Ark. April, 17, 2013) (quoting *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

In order to be similarly situated for purposes of § 216(b), the Court must consider several factors including: 1) whether plaintiffs hold the same job title; 2) whether they worked in the same geographic location; 3) whether the alleged violations occurred during the same period; 4) whether plaintiffs were subjected to the same policies and practices; and 5) the extent to which the acts constituting the alleged violations are similar. *Smith v. Frac Tech Servs.,* No. 4:09CV00679 JLH, 2009 WL 4251017 (E.D. Ark. Nov. 24, 2009).

Plaintiffs request that the Court certify the following three classes pursuant to 29 U.S.C. § 216(b):

> All equipment operators who were paid a salary and who worked for ETS within the three years preceding the date notice sent to present.
>
> All foremen who were paid a salary and who worked for ETS within the three years preceding the date notice sent to present.
>
> All fluid engineers who were paid a salary and who worked for ETS within the three years preceding the date notice sent to present.

Within each class, the Plaintiffs and all potential plaintiffs share one of job title. Plaintiffs claim that they and all putative class members performed the same or similar job duties which inevitably required more than forty (40) hours of work per week. Plaintiffs and all potential plaintiffs have worked for ETS for the past three years. Plaintiffs allege they were all

3

misclassified by the Defendants as exempt employees and paid a salary in an effort to avoid overtime compensation. Thus, they were subjected to the same alleged violations of the FLSA.

The named Plaintiffs worked at various well sites located in Arkansas, Texas, Oklahoma, Kansas, and Louisiana. Plaintiffs request permission to include all ETS equipment workers, foremen, and fluid engineers wherever they may be stationed. This broad geographic area conflicts with the general notion of "similarly situated" for purposes of § 216(b). However, because Plaintiffs allege that the location of the well did not alter their duties, the Court finds that this factor does not tip the balance away from conditional certification.

After carefully considering these factors, the Court finds that the Plaintiffs have provided enough information to establish that they are similarly situated to the putative class members at this stage of the litigation.

The Court has also considered Defendants' argument that Plaintiffs have failed to present evidence of other employees who are interested in opting in to the classes. Courts in this district are split as to whether such evidence is crucial to certification of a collective action. *See Collins v. Barney's Barn, Inc.*, No. 4:12CV00685 SWW, 2013 WL 1668984 (E.D. Ark. April 17, 2013) (showing of numerosity required); *Butcher v. Delta Memorial Hosp.*, No. 5:12CV00241 SWW, 2013 WL 1668998, *3 (E.D. Ark. Apr 17, 2013) (showing required); *but see Ford v. Townsends of Ark., Inc.*, No. 4:08CV00509 BSM, 2010 WL 1433455, *3 (E.D. Ark. Apr 09, 2010) (no showing required); *Maclin v. Montgomery and Sons Const., Inc.*, No. 4:12CV00005 DPM, 2012 WL 5818163 (E.D. Ark. Nov. 15, 2012) (no showing required). This Court takes the middle ground. The Court assumes "without deciding that the FLSA requires an employee to demonstrate that other employees are interested in the action, the Court is satisfied that some potential class members would wish to opt in to this litigation if given the opportunity." *Kruthis v.*

*Visions*, No. 4:12CV00244 KGB, 2013 WL 4028523 (E.D. Ark. August 7, 2013) (citing *Helmert v. Butterball*, LLC, No. 4:08CV00342 JLH, 2009 WL 5066759, at *5 (E.D.Ark. Dec. 15, 2009)).

Defendants also contend that two of the fourteen named Plaintiffs were not employees of ETS, but were independent contractors. In addition, Defendants argue that all current ETS employees have signed arbitration agreements and, therefore, cannot be part of this litigation. While the Defendants' arguments may prove to be valid, the Court does not reach the merits of the parties' claims and defenses at the initial certification stage.

As Plaintiffs have made a showing that they are similarly situated with other putative plaintiffs, the Court finds that conditional certification is proper under the FLSA for purposes of notice and discovery, and accordingly, certifies the three classes requested by the Plaintiffs.

**II.     Notice and Disclosure of Contact Information for Potential Opt-In Plaintiffs**

Plaintiffs have filed a proposed Notice of right to join this lawsuit. The Defendants ask the Court to include in the Notice a statement that plaintiffs may be required to pay some portion of the costs and attorneys' fees incurred by the Defendants. The Court has declined to include a similar statement in a previous FLSA case:

> 29 U.S.C. § 216(b) specifically provides that prevailing plaintiffs should be awarded attorneys' fees and costs; it is silent as to prevailing defendants. Because the law is unsettled as to whether such costs should be awarded, the Court finds the inclusion of such a statement improper at this time as it would unreasonably chill participation in this case.

*Lyons v. Conagra Foods Packaged Foods, LLC,* No. 4:12CV00245 JMM, slip op. at 1 (E.D. Ark. Oct. 26, 2012). Accordingly, Defendants' request is denied.

Further, Defendants ask that putative plaintiffs receive more information regarding the fee arrangement between the named Plaintiffs and their counsel. The Court is satisfied that the

Notice includes the contact information for Plaintiffs' counsel so that any putative plaintiff may request this information. Therefore, Defendants' request is denied.

As to any other objections to the Notice, counsel should confer, attempt to agree on a final draft of the proposed Notice consistent with this Order, and file it within ten (10) days of this Order. If agreement cannot be reached, Plaintiffs should file their proposed Notice with the Court by that date. The Defendant will have seven (7) days to object to the proposed Notice.

Defendants are directed to provide Plaintiffs' counsel with names and last known home, work, and email addresses of each potential class member within 14 days of the date of this Order.

Plaintiffs' Motion for Conditional Class Certification and Court-Authorized Notice (Docket # 25) is GRANTED.

IT IS SO ORDERED this 6th day of January, 2015.

_____
James M. Moody Jr.
United States District Judge