IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CORY NIXON, JOHN KIRBY, LANE CHAPMAN,
MICHAEL BARNETT, CHRIS DISMUKE, CODY GLAZE,
LOUIS JOHNSON, JOSH MCSPADDEN, PHILLIP NELSON,
GLYNN TAYLOR, JAMES WALKER, ARTHUR WHEELER,
STEVEN WHITE, SHANE WILLIAMS, each individually and
on behalf of others similarly situated                        PLAINTIFFS

vs.                     Case No. 4:13-cv-00726-JM

ETS OILFIELD SERVICES L.P.,
DEVIN NEVILLES, and JOE COX,
individually and as Owners/Managers
of ETS Oilfield Services L.P.                                         DEFENDANTS

**JOINT MOTION FOR SETTLEMENT APPROVAL AND TO DISMISS CLAIMS
WITH PREJUDICE AND MEMORANDUM IN SUPPORT**

Defendants ETS Oilfield Services L.P., Devin Nevilles, and Joe Cox (collectively "ETS") and Plaintiffs Corey Nixon *et al.*, respectfully submit their Joint Motion for Settlement Approval and to Dismiss Claims with Prejudice and Memorandum Brief in Support. The parties respectfully request that this Court approve the settlement and dismiss this action with prejudice. As explained in the details below, this settlement is fair, adequate, and a reasonable resolution to a bona fide dispute between the parties.

**I. INTRODUCTION**

On December 18, 2013, Plaintiffs filed a Complaint against ETS alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (Doc. 1). ETS filed an Answer denying all

allegations of the Complaint and asserting certain defenses. (Doc. 7). Later, Plaintiffs filed an Amended Complaint, (Doc. 32), and ETS filed an Answer to Plaintiffs' Amended Complaint. (Doc. 39). On January 6, 2014, the Court conditionally certified three classes containing all equipment operators, foremen, and fluid engineers who worked for ETS within the three years preceding the date notice was issued, and continuing thereafter through the date on which final judgment was entered in this action and who timely filed a written consent to be a party to this action pursuant to 29 U.S.C. § 216(b). (Doc. 47).

After sending court-approved notice, a total of 26 employees had joined as Plaintiffs in this case. After parties conducted discovery, it was determined that 3 of the 26 plaintiffs did not fit the class definition because they did not work in the fluids division, the mulching division, nor did they work as equipment operators, foremen, or fluid engineers. These are Tyler Beason, Russell Farnell, and Daniel Hayes; who will be separately dismissed and without prejudice are not part of this settlement.

After balancing the benefits of settlement with costs, risks, and delay of continued litigation, all parties believe the settlement as provided in this Agreement is in the best interests of the parties and represents a fair, reasonable, and adequate resolution of the Action. The Agreement was the product of lengthy arm's length negotiations culminating in a mediation with Magistrate Judge Joe Volpe. The agreement constitutes a full and fair settlement of Plaintiffs' claims, and will extinguish all future claims against Defendants for unpaid wages.

## II. SETTLEMENT AGREEMENT AND ALLOCATION

The parties have agreed to keep the terms of the settlement, including the settlement amounts, confidential. The parties, including all Plaintiffs and opt-in Plaintiffs, have individually accepted the terms of the settlement and have signed individual settlement agreements and releases. If the Court would like to view the executed settlement agreements the parties would be happy to file those documents under seal.

## III. ARGUMENT

Plaintiffs' claims arise under the FLSA. Parties settling FLSA claims have long believed that court approval of the settlement is required because of the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In that case, the Eleventh Circuit stated "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees," either in a settlement supervised by the Department of Labor or in a settlement reviewed and approved by a court in a private action for back wages. *Id.* at 1352. Since then, in reliance on *Lynn's Food Stores*, parties have routinely sought court approval of FLSA settlements.

Recently, however, the Fifth Circuit distinguished the Eleventh Circuit's decision in *Lynn's Food Stores* and held it inapplicable to a case where the plaintiffs knew of their FLSA rights and had legal counsel prior to signing the settlement agreement:

> In *Lynn's Food Stores*, the Eleventh Circuit, the only court of appeals that has ruled on this issue, held thirty years ago that FLSA claims may not be settled without the approval of the Department of Labor or the courts. However, the dispute in *Lynn's Food Stores* had arisen as a result of a Department of Labor investigation and "the employees seemed unaware

> that the Department of Labor had determined that Lynn's owed them back wages under the FLSA, or that they had any rights at all under the statute. There is no evidence that any of the employees consulted an attorney before signing the agreements. Some of the employees who signed the agreement could not speak English." The court in *Lynn's Food Stores* explained in that context that, "to approve an 'agreement' between an employer and employees outside of the adversarial context of a lawsuit brought by the employees would be in clear derogation of the letter and spirit of the FLSA." Here, by contrast, Appellants were already benefitting from legal counsel before the Settlement Agreement was signed in November 2009. In fact, Appellants knew about their rights under the FLSA and had retained attorneys at least by July 9, 2009, the date that Appellants' attorneys signed their first amended complaint, filed with the Superior Court of California for the County of Los Angeles, for, among other things, "overtime under the FLSA." The money Appellants received and accepted, pursuant to the Settlement Agreement, for settlement of their bona fide dispute did not occur outside the context of a lawsuit, hence the concerns that the Eleventh Circuit expressed in *Lynn's Food Stores* are not implicated.

*Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 n.10 (5th Cir. 2012) (citations omitted). Because there was "little danger of employees being disadvantaged by unequal bargaining power" and there was a "bona fide dispute as to liability," the Fifth Circuit held that a private FLSA settlement under these circumstances was binding and enforceable without court approval. *Id.* at 255-57.[1]

*Martin* is instructive here. The Agreement entered into by the Parties is the product of lengthy arm's length negotiations, and constitutes a full and fair settlement of Plaintiffs' FLSA claims. The Agreement's terms are fair, reasonable, and adequately resolve a bona fide disagreement between the Parties. The Agreement is intended to and will adequately compensate Plaintiffs for their FLSA claims, and will extinguish all of the

---

[1] The Eighth Circuit has not adopted either approach, referencing *Lynn's Food Stores* in only one published opinion that did not involve settlement of the plaintiff's claims. *See Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008).

claims Plaintiffs raised or could raise in this matter. ETS and each individual Plaintiff have agreed to the settlement and signed releases confirming the terms of the settlement. Moreover, the settlement process was facilitated by United States Magistrate Judge Volpe who conducted the settlement conference between the parties. As a result, the court supervision discussed in *Lynn Foods* is unnecessary in this case.

Because the Agreement is the product of arm's length negotiations, it is presumed to be fair and reasonable. *Jones v. Casey's Gen. Stores, Inc.*, 266 F.R.D. 222, 230 (S.D. Iowa 2009) (citing *Manual for Complex Litigation* § 30.42 (3d ed. 1997)) (granting the parties' joint request to approve an FLSA class settlement). The Court "should not substitute [its] own judgment as to optimal settlement terms for the judgment of the litigants and their counsel." *Id.* (citing *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999)). The Court should therefore determine the Parties' private settlement agreement does not need court approval.

If the Court determines that it should review the settlement agreement, however, it should utilize the two-step process employed by many courts in this Circuit and elsewhere:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Thompson v. Corizon, Inc.*, No. 5:12CV00164 KGB, 2013 U.S. Dist. LEXIS 46695, at *1 (E.D. Ark. Apr. 1, 2013) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla.

2010)). In *Thompson*, the court approved the terms of a settlement after a review of the pleadings and the settlement agreement and based on the parties' joint representation that the value of the settlement was "very close to" the full value of plaintiffs' FLSA claims. This Court stated that the settlement reflected a balancing of interests by both sides with regard to the risks of continued litigation, the possibility of an unfavorable outcome for either side, the delay inherent in litigation, and the additional fees and costs associated with continued litigation. *Id.*

The settlement in this case meets factors both "internal" and "external" to the compromise. This settlement adequately compensates Plaintiffs for all their claims, including their claims under the FLSA. The settlement provides for the full three year statute of limitations, liquidated damages, and calculations based on ETS' payroll records. In addition, all Plaintiffs have agreed to the terms of the settlement. Nothing about this settlement frustrates the purposes of the FLSA. Accordingly, the Parties respectfully requests that the Agreement be approved.

Based on the above, the Court should approve the requested attorneys' fees and costs. It should also be noted that in addition to the fees and costs incurred to date, Plaintiffs' counsel will continue to expend time and monetary resources representing Plaintiffs. For instance, Plaintiffs' counsel will communicate with Plaintiffs throughout the settlement process and ensure that the settlement agreement is carried out according to its terms, and continue to respond to questions from Plaintiffs regarding the case going forward.

A. **Confidentiality of Settlement Agreements**

Although there is authority on both sides of the issue, federal courts routinely approve FLSA settlement agreements while maintaining the confidentiality of the settlement documents and terms.[2] This includes courts within the Eighth Circuit. *See, e.g., Bacon v. Dolgencorp, Inc.*, No. 8:10CV155, 2011 U.S. Dist. LEXIS 135739 (D. Neb. Nov. 23, 2011) (directing parties to file FLSA settlement agreements under seal); *Bacon v.*

---

[2] *See, e.g., Abeyta v. CF&I Steel, L.P.*, No. 1:11-cv-00663-RBJ-CBS, 2012 U.S. Dist. LEXIS 126166 (D. Colo. Sept. 5, 2012) (approving class settlement of 750 individually-named and opt-in plaintiffs with written consents and authorizations filed under seal); *Almodova v. City & County of Honolulu*, No. 10-00355 LEK-RLP (D. Haw. July 24, 2012) (Doc. No. 70) (finding good cause to seal settlement agreement and individual settlement amounts in FLSA settlement with 143 plaintiffs); *Ganni v. AT&T Mobility Servs., LLC*, No. 11-cv-02063-MSK-KLM (D. Colo. May 11, 2012) (Doc. No. 28) (finding parties' interest in privacy to be outweighed by presumption of public access and thus granting parties' unopposed motion to restrict public access to settlement documents); *Peacock v. Cypress Health Sys. Fla.*, No. 1:11-cv-257-GRJ (N.D. Fla. May 1, 2012) (Doc. No. 32) (granting motion to file settlement agreement under seal)[2]; *Castaneda v. Eco Cleaners, LLC*, No. 11-62566-CIV-COHN/SELTZER, 2012 U.S. Dist. LEXIS 58269 (S.D. Fla. Apr. 26, 2012) (reviewing confidential settlement agreement *in camera* and approving it under *Lynn's Food Stores*, although expressing doubt as to whether court approval was required because plaintiff represented that she was receiving "payment in full for all of her claims"); *Campbell v. Advantage Sales & Marketing LLC*, No. 1:09-cv-1430-LJM-MJD (S.D. Ind. Apr. 23-24, 2012) (approving settlement and dismissing FLSA collective action after review of settlement agreement filed under seal) (Doc. Nos. 210, 212); *In re Family Dollar FLSA Litig.*, MDL Docket No. 3:08-MD-1932, 2012 U.S. Dist. LEXIS 35303 (W.D.N.C. Mar. 14, 2012) (approving confidential settlement agreement after *in camera* review); *Altier v. Worley Catastrophe Response, LLC*, No. 11-241c/w11-242, 2012 U.S. Dist. LEXIS 6391 (E.D. La. Jan. 18, 2012) (approving FLSA settlement agreement after *in camera* review); *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010) (in approving an FLSA settlement agreement, holding that "[b]ecause the terms of the settlement agreement are confidential, it will be filed under seal"); *Trinh v. JPMorgan Chase & Co.*, No. 07-CV-01666 W (WMC), 2009 U.S. Dist. LEXIS 16477 (S.D. Cal. Mar. 3, 2009) (approving FLSA settlement after *in camera* review of agreement filed under seal); *Goudie v. Cable Communications, Inc.*, No. 08-507-AC, 2009 U.S. Dist. LEXIS 1907 (D. Or. Jan. 12, 2009) (approving a settlement agreement in an FLSA matter where the agreement was filed with the court under seal).

*Dolgencorp, Inc.*, No. 8:10CV155 (D. Neb. Nov. 30, 2011) (Doc. No. 65) (granting joint request to file settlement agreements under seal). In *Thompson*, for example, the District Court for the Eastern District of Arkansas allowed the terms of a settlement to remain under seal after finding that the settlement was close to the full value of Plaintiffs' asserted FLSA claims and the compromise reflected a balancing of interests, as noted above. *Id.*; *see also Springs v. First Student, Inc.*, No. 4:11-CV-00240-BSM (E.D. Ark. Aug. 28, 2012) (Doc. No. 46) (granting parties' joint motion to dismiss after settlements were reached in an FLSA case, without any settlement agreement in the public record); *but cf. Delock v. Securitas Security Services USA, Inc.*, No. 4-11-CV-520 DPM, 2012 U.S. Dist. LEXIS 164159, at *1 (E.D. Ark. Nov. 16, 2012).

The rationale in these decisions comports with the Fifth Circuit's opinion in *Martin*. In that case, the Fifth Circuit held that settlements of FLSA claims are not unlike settlements in other contexts, at least where, as in this case, Plaintiffs understand their rights under the FLSA and is represented by counsel. Indeed, the "public-private" dichotomy referenced in cases finding FLSA settlements are distinct arises in part because of the FLSA's "recognition of . . . the unequal bargaining power as between employer and employee." *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). However, where, as here, Plaintiffs are represented by competent counsel, know of their FLSA-protected rights, engage in arm's length negotiations through counsel to reach a mutually acceptable settlement agreement facilitated by a United States Magistrate Judge, and where all Plaintiffs agree to the terms of the settlement, there is no unequal bargaining power.

Here, Plaintiffs have agreed to keep the terms of the Agreement confidential and that is a key component of the Parties' agreement to settle this matter. Further, the Parties have the right to keep their financial affairs out of the public view.

> It is difficult to imagine why the general public would have anything more than idle curiosity in the dollar value of a settlement of a court dispute or its terms of payment. These subjects have no relationship to a potential public hazard or matters of public health, and unless official conduct is at issue, matters of proper governance are not involved. Thus, there is simply no legitimate public interest to be served by disclosing this information.

Arthur R. Miller, *Confidentiality, Protective Orders, and Public Access to the Courts*, 105 Harv. L. Rev. 427, 484-85 (1991) (footnote omitted). "From the defendant's perspective, confidentiality ensures that the settlement amount will not be used to encourage the commencement of other lawsuits that never would have been brought or as unfair leverage to extract a similar payment in subsequent suits that may be meritless." *Id.* at 485.[3] Although the public has an interest in what happens in the court system, that interest is not as clear where, as here, Plaintiffs are represented by capable counsel experienced in FLSA matters who ably negotiated on their behalf a fair and reasonable settlement of their FLSA claims. As Professor Miller wrote, "public access may be important when one of the settling litigants is a governmental agency, public entity, or official, when the settlement is a court-approved class settlement, or when there has been some other significant judicial participation in the process." *Id.* at 485-86. Here, only

---

[3] In *In re Dollar Gen. Stores FLSA Litig.*, No. 5:09-MD-1500 ALL CASES, 2011 U.S. Dist. LEXIS 94422 (E.D.N.C. Aug. 22, 2011), the court held that the presumption of public access was overcome by the parties' expectation of confidentiality as well as the impact on other cases pending against defendant.

individual claims are being settled. Moreover, the Parties have asked the Court to approve the settlement out of an abundance of caution; it is not clear that this constitutes "significant judicial participation in the process," particularly in light of the presumption that should be given to the fairness and reasonableness of the Parties' Agreement as negotiated by their counsel. *See Jones*, 266 F.R.D. at 230 (citing *Petrovic*, 200 F.3d at 1148-49).

This settlement is fair, adequately compensates Plaintiffs for their claims, and the Parties' interest in keeping the Agreement confidential outweighs any interest in public disclosure. All Parties, including the individual Plaintiffs, have agreed to the terms of the settlement, the terms of which were reached through extensive arm's length negotiations. The Court should approve the proposed settlement.

## IV. CONCLUSION

The Parties respectfully request that the Court approve the proposed settlement and enter an Order dismissing this matter with prejudice.

Dated: November 24, 2015.

Approved as to Substance and Form:

| | |
|---|---|
| /s/ *John Holleman*_____ | /s/ *Michael S. Moore*_____ |
| John T. Holleman, ABN 91056 | Michael S. Moore, ABN 82112 |
| Timothy A. Steadman, ABN 2009113 | H. Wayne Young, Jr., ABN 2003128 |
| Matthew M. Ford, ABN 2013180 | FRIDAY, ELDREDGE, & CLARK LLP |
| Holleman & Associates, P.A. | 400 West Capitol, Suite 2000 |
| 1008 West Second Street | Little Rock, AR 72201 |
| Little Rock, AR 72201 | Telephone: (501) 370-1578 |
| Telephone: (501) 975-5040 | Facsimile: (501) 244-5379 |
| Facsimile: (501) 975-5043 | mmoore@fridayfirm.com |
| jholleman@johnholleman.net | wyoung@fridayfirm.com |
| tim@johnholleman.net | |
| matthew@johnholleman.net | Attorneys for Defendants |

Christopher R. Heil, ABN 92128
Lloyd "Tre" Kitchens, ABN 99075
The Brad Hendricks Law Firm
500 C Pleasant Valley Drive
Little Rock, AR 72227
Telephone: (501) 588-0549
Facsimile: (501) 661-0196

Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

      I, John Holleman, certify that a true and accurate copy of the foregoing document was filed via CM/ECF on this 24th day of November, 2015, which will send notification to all counsel of record.

                                                                                */s/ John Holleman*
                                                                                John Holleman